UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY P. KEITH,

      Petitioner,

v.

BARRY D. DAVIS,

      Respondent,

_____/

Civil No. 2:09-CV-14133
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR SANCTIONS, GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE RULE 5 MATERIALS.**

Gregory P. Keith, ("Petitioner"), currently on parole supervision with the Michigan Department of Corrections through the Oakland County Parole Office, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for one count of assault with intent to commit first-degree criminal sexual conduct, M.C.L.A. 750.520g(1); and two counts of assault with intent to commit second-degree criminal sexual conduct, M.C.L.A. 750.520g(2). Respondent has filed a motion to dismiss, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed several replies to the motion and has also filed a motion for sanctions. For the reasons stated below, the motion to dismiss is denied and respondent is ordered to file an answer addressing the merits of the petition within sixty days of the Court's order. The Court will also deny petitioner's motion for sanctions but will grant his

1

motion to amend the habeas petition.

## I. Background

Petitioner was convicted by a jury in the Oakland County Circuit Court.  Petitioner's

conviction was affirmed on appeal. *People v. Keith,* No. 252187 (Mich.Ct.App. July 28, 2005);

*lv. den.* 474 Mich. 977; 707 N.W. 2d 200 (2005); *reconsideration den.* 474 Mich. 1067, 711

N.W.2d 25 (2006).

On or about December 12, 2006, petitioner gave his post-conviction motion for relief

from judgment to prison authorities to mail to the Oakland County Circuit Court.  Petitioner has

submitted a copy of a return receipt from the Oakland County Circuit Court dated December 14,

2006, which suggests that the motion was received by the court on that date, although the docket

sheet from the Oakland County Circuit Court does not indicate when this motion was actually

filed with that court. [1]  The motion for relief from judgment, however, was denied by that court

on March 13, 2007. *People v. Keith,* No. 03-190080-FH (Oakland County Circuit Court, March

13, 2007).  After the Michigan Court of Appeals denied petitioner leave to appeal the denial of

his post-conviction motion, *People v. Keith,* No. 284052 (Mich.Ct.App. October 10, 2008),

petitioner's state post-conviction proceedings ended on May 27, 2009, when the Michigan

Supreme Court denied petitioner's post-conviction appeal. *People v. Keith,* 483 Mich. 1017; 765

N.W. 2d 306 (2009).

Petitioner filed a petition for writ of habeas corpus with this Court on October 20, 2009,

---

[1]  Oakland County Circuit Court Docket Sheet [This Court's Dkt. # 13-1].

2

although the petition was signed and dated October 14, 2009. [2]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of

limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant

to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within

the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D.

Mich. 2001).

In the present case, the Michigan Supreme Court denied petitioner's motion for

reconsideration of their decision to deny his application for leave to appeal on February 27, 2006.

For purposes of the one year statute of limitations for filing habeas corpus actions provided in 28

U.S.C. § 2244(d)(1)(A), a petitioner's "direct review" concludes on the date that the Michigan

Supreme Court refuses to reconsider its decision denying leave to appeal. *See McClendon v.*

---

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his original habeas petition on October 14, 2009, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

*Sherman,* 329 F.3d 490, 493 (6th Cir. 2003). However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). Petitioner's judgment therefore became final on May 29, 2006, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than May 29, 2007 in order for the petition to be timely filed.

Respondent contends that the instant petition is untimely because petitioner did not file his state post-conviction motion for relief from judgment until June 29, 2007, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). However, in this case, petitioner filed his post-conviction motion for relief from judgment prior to the expiration of the one year limitations period, because the motion was denied by the Oakland County Circuit Court on March 13, 2007, prior to the May 29, 2007 expiration date for the limitations period.

Petitioner has presented evidence that he gave his motion for relief from judgment to the

4

prison officials to mail to the Oakland County Circuit Court on December 12, 2006. Petitioner
has also provided this Court with a return receipt from the Clerk of the Court for the Oakland
County Circuit Court indicating that this mailing was received on December 14, 2006. [3]
Respondent has not provided any evidence to suggest that the motion for relief from judgment
was received at a later date. Because there is no evidence to suggest a later filing date, this Court
will assume that petitioner filed his motion for relief from judgment on December 14, 2006, after
201 days had elapsed on the one year limitations period. A post-conviction application remains
pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution
through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The
tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan
Supreme Court denied petitioner's application for leave to appeal the denial of his motion for
relief from judgment on May 29, 2009. *Hudson v. Jones,* 35 F. Supp. 2d 986, 988-89 (E.D. Mich.
1999). Petitioner had 164 days remaining under the limitations period. Because petitioner filed
his habeas petition with this Court some 138 days later on October 14, 2009, the instant petition
is timely.

Because there is insufficient evidence to conclude that the habeas petition is time barred
by the statute of limitations, the Court will deny the motion to dismiss and order the respondent
to file an answer that responds to the merits of petitioner's habeas claims within sixty days of the
Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001).

The Court also orders respondent to provide any the Rule 5 materials which it has not
already provided at the time it files its answer. The habeas corpus rules require respondents to

---

[3] *See* Brief in Support of Motion to Deny Respondent's Motion to Dismiss [This Court's Dkt. # 24].

attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

The Court will deny petitioner's motion for sanctions that he seeks pursuant to Fed. R. Civ. P. 11(b)(3). Petitioner claims that respondent intentionally misrepresented the facts by arguing that petitioner filed his motion for relief from judgment on June 29, 2007, when petitioner, in fact, filed it on December 14, 2006. Attorneys and parties are obliged to present to the court only such "allegations and other factual contentions" as "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigants conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F. 3d 491, 507 (6th Cir. 1998)(citation omitted). Fraudulent behavior by a party to litigation is certainly unreasonable. *See Bout v. Bolden,* 22 F. Supp. 2d 653, 654 (E.D. Mich. 1998). However, alleged misrepresentations of fact do not warrant imposition of sanctions under Fed. R. Civ. P. 11, where the misrepresentations might have resulted from mistake or inadvertence, and the movant does not prove that the alleged misrepresentations were intentional. *See Danese v. City of Roseville*, 757 F. Supp. 827, 829, n. 2 (E.D. Mich. 1991).

In the present case, petitioner has failed to show that respondent intentionally misrepresented the filing date of his motion for relief from judgment. This Court notes from the Oakland County Circuit Court docket sheet that petitioner actually filed a memorandum in

6

support of the motion for relief from judgment with the Oakland County Circuit Court on June 29, 2007, along with several other attachments. Respondent may have mistakenly viewed this as the date that the motion for relief from judgment was filed. Because there is no showing that respondent intentionally misrepresented the facts, the motion for sanctions is denied.

Moreover, to the extent that petitioner is requesting this Court to grant him a default judgment because of the respondent's failure to file a response which addresses the merits of his petition, a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Allen v. Perini*, 424 F. 2d at 138.

Moreover, as another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(*citing to Beall v. Cockrell*, 174 F. Supp. 2d 512 (N.D. Tex. 2001)). While another judge in this district has refused to grant an extension of time to the State of Michigan to file an answer and has considered a habeas petition without having the benefit of an answer from the respondent, *See Wilkerson v. Jones*, 211 F. Supp. 2d 856 (E.D. Mich. 2002), the problem with this approach is that any such decision by the court "creates a self-inflicted wound", because without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law

7

and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Mahaday v. Cason,* 222 F. Supp. 2d at 921. Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story", i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* Therefore, although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id.* at 922. The Court will deny petitioner's request to adjudicate the merits of the petition without an answer from the respondent.

Petitioner has also filed a motion to amend his petition for writ of habeas corpus.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995). Additionally, the motion to amend the habeas petition will be granted, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in the petition. *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

8

III.    **CONCLUSION**

Accordingly, the Court **ORDERS** that respondent's motion to dismiss [Dkt. # 11] is

**DENIED.**

The Court further **DENIES** petitioner's motion for sanctions. [Dkt. # 15].

The Court further **GRANTS** petitioner's motion to amend the petition for writ of habeas

corpus. [Dkt. # 7].

The Court further **ORDERS** respondent to submit an answer addressing the merits of

petitioner's habeas claims within **SIXTY DAYS** of the date of this order.  Respondent is further

ordered to any additional Rule 5 materials that have not already been filed with the Court at the

time that it files its answer.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 10-12-11

9