UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY P. KEITH,

    Petitioner,

v.

PAUL KLEE,

    Respondent,

_____/

Civil No. 2:09-CV-14133
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Gregory P. Keith, ("Petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Oakland County Parole Office in Pontiac, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for one count of assault with intent to commit first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520g(1); and two counts of assault with intent to commit second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520g(2). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted by a jury in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

1

> While the evidence against defendant was circumstantial, there was evidence to support his identification as the perpetrator of the assaults against the victims. Defendant admitted that he was in the trailer park where the assaults occurred on the morning of April 2, 2003. When he spoke to police, defendant was wearing clothes similar to those identified by the victims as having been worn by their attacker. The victims also stated that their attacker had a scar on his chin and defendant has a similar scar on his chin. Furthermore, one of the victims testified that defendant resembled the attacker. The victims also identified the knit ski cap found in defendant's van as the one worn by their attacker. Finally, officer Froehlich testified that when he interviewed defendant on the day following the assaults, he asked defendant if he had been in an altercation with any girls and defendant responded by stating that he "wasn't up to the bus stop." Froehlich also testified that when he noted that he had not mentioned the bus stop, defendant became apprehensive and avoided eye contact.

*People v. Keith,* No. 252187, Slip. Op. at pp. 1-2 (Mich.Ct.App. July 28, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 977; 707 N.W. 2d 200 (2005). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Oakland County Circuit Court, which was denied. *People v. Keith,* No. 03-190080-FH (Oakland County Circuit Court, March 13, 2007). The Michigan appellate courts denied petitioner leave to appeal the denial of his post-conviction motion. *People v. Keith,* No. 284052 (Mich.Ct.App. October 10, 2008); *lv. den.* 483 Mich. 1017; 765 N.W. 2d 306 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was denied the effective assistance of appellate counsel in failing to raise and argue the issue of the absence per se of trial counsel during jury reinstruction, *French v. Jones,* 332 F.3d 430 (6th Cir. 2003); *Carver v. Straub,* 349 F.3d 340 (6th Cir. 2003), involving new and supplemental information conveyed to the jury.

II. Petitioner was denied his right to a fair trial where the prosecutor presented false testimony, *Giglio v. United States,* 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1973); *Napue v. Illinois,* 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed 2d 1217 (1959), and failed to correct the violation coming against the Due Process Clause of the

2

Fourteenth Amendment to the United States Constitution.

III. Petitioner was prejudiced (sic) his right to a fair trial where the prosecutor withheld material evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 194, 10 L. Ed 2d 215 91963), against the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

IV. Petitioner Keith was denied effective assistance of trial counsel who failed to raise motions on due process grounds that are shown to be based in the post-conviction evidence, which was reasonably unknown to both trial and appellate counsel.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant

3

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases

4

where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. DISCUSSION

#### A. Claim # 1. The ineffective assistance of appellate counsel/absence of trial counsel from a critical stage claim.

In his first claim, petitioner contends that appellate counsel was ineffective for failing to properly argue on his appeal of right that he was entitled to automatic reversal of his conviction because his trial counsel was absent from critical stages of his trial.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient

that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington v. Richter*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

Petitioner's ineffective assistance of appellate counsel claim is wholly without merit. Appellate counsel raised the absence of counsel issue in the brief on appeal that he filed on petitioner's behalf with the Michigan Court of Appeals:

> III. Defendant Keith's federal constitutional and statutory right(s) to be present at trial/all critical stages of criminal proceedings and to have the assistance of counsel/counsel (to have his attorney) present was violated and he suffered

substantial prejudice as a result. Defendant was denied federal /fundamental due process and a fair trial based on jury questions and requests to the court at trial (while the jury was deliberating) or during the replaying of the requested witness testimony (if that was done) in his and (in at least part) counsel's absence. (Fifth, Sixth and Fourteenth Amendments).

The trial court reversibly erred by failing to have this entire scenario of the jury's requests for a chance to re-hear (have) two specific witnesses' testimony made part of the record (whether refused as it appears or replayed as claimed by the prosecution). [1]

Within the argument section for this claim, appellate counsel specifically cited to the United States Supreme Court case of *United States v. Cronic, infra* and its holding that a criminal defendant need not show prejudice to obtain a reversal of his conviction when trial counsel is absent from a critical stage of the trial. [2] Although appellate counsel argued in the alternative that trial counsel's absence from portions of petitioner's trial was not harmless, he clearly alerted the Michigan Court of Appeals to the fact that trial counsel's absence from these proceedings entitled petitioner to automatic reversal of his conviction. Because appellate counsel did argue on appeal that trial counsel's absence from these stages of the trial entitled petitioner to a new trial even in the absence of a showing of prejudice, petitioner has failed to establish that appellate counsel was ineffective. *See Doyle v. Jones,* 452 F. App'x. 836, 840 (10th Cir. 2011); *See also Riley v. Jones,* 476 F. Supp. 2d 696, 709-10 (E.D. Mich. 2007)(appellate counsel was not ineffective for not raising identification issue on direct appeal, since omitted issue was closely related to issue that appellate counsel did raise on appeal and that issue had been rejected as harmless error).

---

[1] *See* Defendant/Appellant's Brief on Appeal, Claim III, pp. 24-30 [this Court's Dkt. # 13-11].

[2] *See* Defendant/Appellant's Brief on Appeal, Claim III, pp. 29-30.

7

Moreover, even if appellate counsel failed to adequately argue in his brief that trial counsel's absence was a structural error that entitled petitioner to automatic reversal of his case, the Michigan Court of Appeals in their opinion specifically noted that the Supreme Court had found constitutional error without any showing of prejudice in cases when counsel was absent from a critical stage of the proceedings. *Keith,* Slip. Op. at 3-4. Where a state appellate court on its own initiative addresses and rejects a claim that a habeas petitioner argues should have been raised by counsel on his direct appeal, a habeas petitioner cannot show prejudice from appellate counsel's failure to raise such a claim. *See Tibbetts v. Bradshaw*, 633 F.3d 436, 447 (6th Cir. 2011).

Most importantly, petitioner is not entitled to habeas relief because he has failed to show that his underlying claim involving trial counsel's absence from critical stages of his trial has any merit.

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984). The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). The U.S. Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at 659, n.25; *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992).

During deliberations the jury requested the following: (1) "Transcript of today's trial,"

(2) "When was picture of def. taken?," (3) "When was arrest and arraignment?," (4) the line-up photographs, (5) a police report, (6) the exhibit list, (7) petitioner's hat, (8) pictures of scratches, and (9) pictures of one of the victim's bra. The judge refused to to provide the second and third items because they had not been admitted into evidence. The judge also refused to provide the jurors with the police report, presumably because it was hearsay evidence. The trial judge did provide the lineup photographs, the exhibit list, the hat, and photographs of the scratches and bra to the jurors. Later, the jurors asked to see the transcript of Detective Froehlich's testimony concerning petitioner's bus stop comment and one of the victim's testimony. An affidavit signed by one of the prosecutors working on the case and attached to the prosecution's brief in opposition to petitioner's motion for a new trial averred that Officer Froehlich's entire testimony was played for the jury at the request of defense counsel and that defense counsel had no objection to the trial court replaying the victim's testimony. *See Keith,* Slip. Op. at pp. 2-3. In rejecting petitioner's claim, the Michigan Court of Appeals concluded:

> Here, defense counsel appears to have been present during the jury requests. Defense counsel's initials appear at the bottom of at least one of the jury notes and the affidavit submitted by the prosecution states that defense counsel was present. Regardless, because the brief communications in this case were of the administrative variety, as opposed to a communication of substantive law, we conclude that they did not involve critical stages of the trial and that defendant must prove prejudice. Accordingly, because actual prejudice has not been shown, reversal is not warranted.

*Keith,* Slip. Op. at p. 4 (internal citation omitted).

The Michigan Court of Appeals did not unreasonably apply clearly established Supreme Court precedent in rejecting petitioner's claim. The trial judge's communication with the jurors, in which he denied their request for certain evidence, was not a critical stage of the prosecution for which counsel's presence was required. *Bourne v. Curtin,* 666 F.3d 411, 413-14 (6th Cir.

2012); *cert. den.* 132 S.Ct. 2749 (2012)(*ex parte* communication between judge and jury, in which judge denied jury's request to rehear trial testimony, was not *per se* harmful, in the context of defendant's claim that communication violated his right to counsel or his right to be personally present at all critical stages of the trial). Likewise, the reading back of testimony or the giving of evidence that has already been admitted at trial to the jurors was not a critical stage of the prosecution, for Sixth Amendment purposes. *See Shohatee v. Jackson*, 257 F. App'x. 968, 970 (6th Cir. 2007)(because playback of testimony not "critical stage" of criminal prosecution, state courts did not act contrary to "clearly established federal law" in failing to apply the *Cronic* presumption where counsel was not present when tapes of trial testimony played back to jury); *Dallago v. U.S.*, 427 F.2d 546, 553 (D.C. Cir. 1969)(mechanical operation of transmittal to the jury of items fully in evidence is a "ministerial activity" that is not a critical stage of the trial for Sixth Amendment purposes). Because counsel was not absent from any critical stage of petitioner's trial, the Michigan Court of Appeals did not act contrary to clearly established Supreme Court precedent by failing to apply the *Cronic* presumption of prejudice standard to petitioner's claim. Moreover, petitioner does not allege nor show that he was prejudiced by counsel's absence from these communications between the judge and the jury, thus he is not entitled to habeas relief on his first claim.

**B. Claims # 2, # 3, and # 4. The procedurally defaulted claims.**

The Court will consider petitioner's remaining claims together for judicial clarity. In his second claim, petitioner alleges that the prosecutor knowingly used perjured testimony at petitioner's trial. In his third claim, petitioner claims that the prosecutor withheld exculpatory evidence. In his fourth claim, petitioner alleges that he was denied the effective assistance of

10

trial counsel.

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Mich.Ct. R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence

that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Oakland County Circuit Court judge, in denying petitioner's post-conviction motion, ruled that petitioner had failed to establish "'good cause'" and 'actual prejudice' as required under M.C.R. 6.508(D)(3)(a) and (b)." *People v. Keith*, No. 03-190080-FH, Slip. Op. at

p. 5. Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's second through fourth claims are procedurally defaulted.[3]

With respect to his second claim alleging the use of perjured testimony at trial and his fourth claim involving the alleged ineffective assistance of trial counsel, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client

---

[3] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. Respondent, in fact, did not argue in the answer to the petition that the ineffective assistance of appellate counsel claim asserted by petitioner in his first claim, *supra*, was procedurally defaulted.

would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

14

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a forty-nine page appellate brief which raised five claims, including the first claim that petitioner has presented in his petition.[4] Petitioner has not shown that appellate counsel's strategy in presenting these five claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner's second and fourth claims were not "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

With respect to petitioner's third claim that the prosecutor withheld exculpatory evidence, petitioner argues that any default should be excused because the factual basis of this claim was not known to either petitioner, his trial attorney, or his appellate counsel at the time of his direct appeal. A habeas petitioner can show "cause" to excuse the procedural default of a claim arising under *Brady v. Maryland*, 373 U.S. 83 (1963), when the reason for his failure to

---

[4] *See* Defendant/Appellant's Brief on Appeal. [this Court's Dkt. # 13-11].

develop facts in state-court proceedings was the State's suppression of the relevant evidence. *Strickler v. Greene,* 527 U.S. 263, 282 (1999).

Petitioner claims that the prosecution violated Brady because: (1) he did not have his March 18, 2003 photograph from his unrelated felonious assault charge, (2) the park manager could not have described him as being the person evicted from 31 Sparrow Hill because he was incarcerated when the eviction occurred, (3) Patrick Barnett, petitioner's former roommate, was really the person evicted and may have committed the crimes, and (4) the "exculpatory" clothing and boots he was wearing were not disclosed by the prosecution. As the Assistant Michigan Attorney General noted in her answer, petitioner knew how he looked on March 18, 2003, the date of his arrest on the felonious assault charge, and was also presumably aware that the police had taken his photograph. Petitioner also knew that Barnett was his roommate and what Barnett looked like. Petitioner also certainly knew what clothing he was wearing when he was arrested.

Where "the factual basis for a claim" is "reasonably available to" the petitioner or his counsel from another source, the government is under no duty to supply that information to the defense. *Strickler*, 527 U.S. at 283, n. 24 (quoting *Murray*, 477 U.S. at 488). Stated differently, when the information is readily available to the defense from another source, there is nothing for the government to "disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir.1998). Because the factual basis for petitioner's *Brady* claim was reasonably available to petitioner or his trial counsel at the time of his trial, he is unable to establish cause to excuse the default of his claim based on the alleged suppression of this evidence. *See Matthews v. Ishee,* 486 F.3d 883, 890-91 (6th Cir. 2007).

16

In the present case, petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his second through fourth claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d at 891. For the reasons stated by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit. Petitioner is not entitled to habeas relief on his second through fourth claims.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma*

*pauperis*.

**SO ORDERED.**

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 2-15-13